[Crim. No. 3598. In Bank.—April 3, 1933.]

THE PEOPLE, Respondent, v. HENRY HEISE, Appellant.

[Crim. No. 3599. In Bank.—April 3, 1933.]

THE PEOPLE, Respondent, v. RAYMOND ROBERTSON, Appellant.

John C. Packard, Koenig & Brunton and Victor H. Koenig for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

PRESTON, J.—Defendants were charged with the crime of assault with a deadly weapon on the body of one Wyatt. The court sitting without a jury found them not guilty of assault with a deadly weapon but guilty merely of simple assault and imposed a fine of $50 each with the alternative of imprisonment for a period of twenty-five days. The excuse for the appeals of defendants is doubtless the bearing this decision might have upon the civil rights of the two corporations represented respectively by the defendants and the complaining witness Wyatt.

The fracas occurred at the diversion weir on Big Rock Creek. Defendants were employees of the Big Rock Creek Mutual Water Company, which owned a water right in the stream, the contiguous land and the diversion weir, while the complaining witness was an employee of the Rock Creek Water Company, which company was a stockholder of the company first mentioned. A dispute exists as to the quota of water to which the latter company is entitled. In the absence of the representative of one of these companies, the representative of the other would make changes in the boards of said weir, so as to vary the flow in accordance with the contention of his company.

Defendants, by force, expelled Wyatt from the weir, defendant Robertson having in his hand an ax. But the court below by its decision found that said defendant did not wield the ax as a deadly weapon. For the purposes of this opinion we will assume that Wyatt was a trespasser and that defendants had the right to expel him, using the necessary amount of force so to do. ▪ This concession leaves open but one question: Was excessive force used? The trial court was of the opinion that it was and the evidence supports this conclusion. The manipulation of the ax alone against the unarmed man warrants this view.

▪ As defendants were not charged with battery, the court could not find them guilty of that offense, but it did

find them guilty of the offense included within the major charge laid in the information, to wit: Simple assault. Battery includes assault; in fact, battery is a consummated assault. Assault is, therefore, necessarily included in battery. Defendants are in no position to complain that they were not charged with and convicted of the aggravated offense of battery. We see no difficulty in finding an assault to be committed when excessive force against a trespasser is either actually used or unlawfully attempted.

Both judgments are affirmed.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.