[Crim. No. 2824.   First Dist., Div. Two.   Sept. 26, 1952.]

THE PEOPLE, Respondent, v. JOHN SONIER, Appellant.

Terry A. Francois and J. Maxwell Peyser for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant was convicted by a jury of a violation of Penal Code, section 245, assault with a deadly weapon. The defendant inflicted cuts on the complaining witness with a knife and at the trial relied upon self-defense as a justification. The evidence is in conflict as to which party was the aggressor but according to the evidence favorable to defendant the complaining witness attacked defendant

with a metal footrest from a bootblack's stand and defendant then drew his knife from his pocket and inflicted the wounds.

The trial judge sustained objections to all questions directed to defendant as to his state of mind when attacked by the complaining witness. The culminating question is illustrative of these rulings:

"Q. Mr. Sonier, were you in fear that you would receive serious bodily injury from the shoe rest if you did not take some action against the complaining witness?

"Mr. Berman: The same objection as before.

. . . . . . . . . . . .

"The Court: Objection sustained."

■ The justification of self-defense requires a double showing: that defendant was actually in fear of his life or serious bodily injury and that the conduct of the other party was such as to produce that state of mind in a reasonable person. (13 Cal.Jur. 638-639.)

■■ It is too well settled to require extensive citation that where the state of mind of a party is in issue it is always competent for the party to testify to his own state of mind (10 Cal.Jur. 832; 8 Cal.Jur. 33) and so it has been uniformly held whenever the question has arisen that where self-defense is relied on, after prima facie proof of facts which would support a finding of reasonable cause to apprehend death or great bodily harm, the defendant is entitled to testify to his own mental reaction, and it is error not to allow him to do so. (*State* v. *Mark Len*, 108 N.J.L. 439 [158 A. 749]; *Commonwealth* v. *Woodward*, 102 Mass. 155, 161-162; *Duncan* v. *State*, 84 Ind. 204, 208; *State* v. *Sterling*, (Mo.) 72 S.W.2d 70, 73; *State* v. *Robinson*, 181 N.C. 552 [107 S.E. 131]; *People* v. *Biella*, 374 Ill. 87 [28 N.E.2d 111, 112]; *Starr* v. *Commonwealth*, 97 Ky. 193 [30 S.W. 397, 399]; *State* v. *Jones*, 249 Mo. 80 [155 S.W. 33, 38]; 1 Wharton's Criminal Evidence, 11th ed., § 329, p. 455.) In *Commonwealth* v. *Wooley*, 259 Pa. 249 [102 A. 947], a criminal assault case, the Pennsylvania Supreme Court said of the defendant:

"He alone, of all the witnesses called by him, could testify as to whether he really thought he was in peril of his life or of great bodily harm, and no testimony could have been more competent than his own as to his belief that he was in such danger."

It is argued for the People that some evidence of defendant's state of mind in the face of the complainant's conduct

was admitted. An examination of the record does not bear this out. The transcript does show the following:

"Q. Were you afraid of him? A. I was.

"Mr. Berman: The same objection as before, a self-serving declaration.

. . . . . . . . . . . . . .

"Mr. Francois: I submit, your Honor, that is the most important part of the case, to determine whether the man was attacking the other man or acting in self-defense. Fear is important.

"The Court: Precisely, Counsel, but that is a question for the jury to decide, not for the witness to volunteer. Objection sustained."

The court did not in terms strike out the witness' answer but the jury must have understood the court's ruling to have that effect and later the court specifically instructed the jury: "As to any offer of evidence that has been rejected by the Court, you, of course, must not consider the same."

The evidence was in sharp conflict and we cannot hold that the exclusion of this evidence was not prejudicial.

The judgment is reversed and the case remanded for a new trial.

Nourse, P. J., and Goodell, J., concurred.