[Crim. No. 6353.   Second Dist., Div. Three.   Dec. 4, 1958.]

THE PEOPLE, Respondent, v. WAYNE DUCHON, Appellant.

Wayne Duchon, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant, charged with assault with a deadly weapon, was convicted of battery. He appeals from the judgment and the order denying his motion for a new trial. He contends the evidence is insufficient to sustain the judgment, that he acted in self-defense, that the trial court erred in the admission and exclusion of evidence, and that he was denied a fair trial.

Hamlet Goidotti and defendant lived next door to each other in El Monte. A hedge 5 feet high was growing at or near the property line separating their lots. There was a controversy with respect to whose property the hedge was on. Goidotti testified he believed the hedge was on his property; he had surveyed his lot; and he had been clipping the hedge for 19 years. Defendant introduced a diagram in evidence which showed the hedge on his property.

About 6:30 p.m. on August 26, 1957, Goidotti, on a step ladder, started trimming the hedge with an electric clipper. As he started, defendant jumped out of his back door and hollered, "God damn you, what are you doing? Can't you leave that hedge alone, you son of a bitch?" Goidotti shut off the power and left the shears on top of the hedge. Defendant grabbed the shears and threw them at Goidotti's head. Goidotti threw up his arm so that it was protecting his face or head. The blades of the shears hit him on the inside of the left arm about five inches from the wrist, causing four jagged cuts from which blood streamed. Three stitches were taken in one of the cuts. The handle of the shears hit him on the head, knocking him off the ladder and against his house.

Defendant denied using any vile language. He testified that when he went out of the house Goidotti was running the clippers but not clipping the hedge; he thought Goidotti was doing it to annoy his (defendant's) wife; Goidotti started to swing at him; he struggled with him (Goidotti) a second or two to get the clippers; he got the clippers away from him; Goidotti got off the ladder and backed away three or four feet on his own property; he did not throw the clippers "on him"; after two or three seconds, it did not look as though Goidotti wanted to fight so he tossed the clippers back over on Goidotti's property against his house; he did not throw

them at Goidotti's head; when he started to toss the clippers over toward the house Goidotti grabbed, "dived," for them; he could not see whether Goidotti caught them; after he tossed the clippers he started back toward his house and Goidotti said, "Now, see what you have done"; he (Goidotti) was holding his right arm; he (defendant) looked but did not see any bruises or blood, said "Go to hell," and walked back into his house.

A battery is any willful and unlawful use of force or violence upon the person of another. (Pen. Code, § 242.) ■ It is a consummated assault. (*People* v. *Heise*, 217 Cal. 671, 673 [20 P.2d 317].) ■ A judgment will not be set aside unless the record clearly shows that on no hypothesis whatever is there sufficient substantial evidence to support it. (*People* v. *Gutierrez*, 35 Cal.2d 721, 727 [221 P.2d 22].) ■ We must view the evidence in the light most favorable to the People. ■ The evidence amply supports the implied finding of the trial court that defendant committed a battery on Goidotti. Defendant's denial of some of the facts testified to by Goidotti and his wife merely created a conflict in the evidence. It was for the trial court, not this court, to resolve the conflict.

Defendant contends he acted in self-defense. ■ A battery cannot be committed by acts done in self-defense. ■ A person attacked is not bound to retreat but is entitled to stand and defend himself and act as a reasonable man under the circumstances as they appear to him. (5 Cal.Jur.2d 234, § 14.) ■ It is not enough that there should exist in the mind of the defendant a belief that he is in actual peril. It must appear not only that he believed himself in such peril but that, as a reasonable person, he had sufficient grounds for his belief. (*People* v. *Wheeler*, 75 Cal.App.2d 360, 368 [171 P.2d 62].) ■ There can be no reasonable ground for apprehending harm in the absence of some overt act or physical demonstration. (*People* v. *Washburn*, 54 Cal.App. 124, 128 [201 P. 335].) ■ The plea of self-defense is not available to one who has sought a quarrel with the design or apparent necessity for making an assault. (*People* v. *Hinshaw*, 194 Cal. 1, 26 [227 P. 156].) ■ "The justification of self-defense requires a double showing: that defendant was actually in fear of his life or serious bodily injury and that the conduct of the other party was such as to produce that state of mind in a reasonable person." (*People* v. *Sonier*, 113 Cal.App.2d 277, 278 [248 P.2d 155].)

When asked if he came out to fight Goidotti, defendant answered, "Well, I formed the opinion by looking at him if I give the machine back to him, he wouldn't hit me. It didn't appear to me like he wanted to tackle me because I took the machine away. I thought if I give it back——." ██ Whether defendant acted in self-defense was a question of fact for the trial judge. He was warranted in finding that defendant did not believe himself in peril; that he had no ground for apprehending harm; that he sought the quarrel; and that he did not act in self-defense.

██ Defendant asserts the court erred in not inspecting two maps. The maps were introduced in evidence by defendant. There is nothing in the record to indicate that the trial judge did not inspect them. We must presume he did.

Defendant filed seven affidavits and 16 motions in the trial court. He asserts the court ignored them. The assertion is erroneous. The trial judge read and considered them before sentencing defendant.

██ Defendant claims the court erred in allowing Mr. and Mrs. Goidotti to testify as to conversations they had with neighbors about defendant. This testimony was brought out on cross-examination by defendant's attorney in an attempt to discredit the testimony of these witnesses given on direct that defendant's reputation for peace and quiet in the community in which he lives was bad. Defendant has no ground for complaint.

Defendant complains of the manner in which his counsel handled his case. We have examined the record and find no basis for the complaint. Defendant was accorded a fair and impartial trial and the evidence supports the judgment in all respects.

Defendant, a layman, appears in propria persona. ██ He refers to and argues many matters outside the record. In deciding his appeal we are confined to the record. ██ This court decides questions of law only, not questions of fact. We direct defendant's attention to the case of *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 18, 1958, and appellant's petition for a hearing by the Supreme Court was denied January 28, 1959.