[Crim. No. 13673. Second Dist., Div. Three. June 27, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EARNEST LYVONNE MERIWEATHER, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

FRAMPTON, J. pro tem.*.—

*Statement of the Case*

The defendant was charged by information number 329831 with the crime of attempted murder in violation of sections 187 and 664 of the Penal Code in count I, and with the crime of assault with intent to commit murder in violation of section 217 of the Penal Code in count II. By information number 317915 the defendant was charged with violation of section 10851 of the Vehicle Code (unlawful taking or driving of a vehicle). By stipulation the informations were consolidated

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

for trial under information number 317915. Pursuant to this stipulation counts I and II in information number 329831 became counts II and III respectively in information number 317915.

Trial by jury was waived and the cause was submitted on the evidence taken at the preliminary hearing with further testimony taken at the trial. Upon the trial the defendant was adjudged guilty of attempted murder (count II) and of assault with intent to commit murder (count III) and was adjudged not guilty of violation of section 10851 of the Vehicle Code (count I). Defendant's motion for a new trial, and his "motion for referral" under section 1168 of the Penal Code were denied. Probation, and the defendant's motion for stay of execution pending appeal were denied. Defendant was sentenced to state prison for the crime of attempted murder and was also sentenced to state prison for the crime of assault with intent to commit murder. The judgment provided that "The execution of the sentence on count [3] is stayed pending any appeal on count [2] and during the serving of any sentence the Adult Authority pronounces on count [2], and at the completion of the serving of any sentence on count [2], the stay on count [3] is to become permanent." The appeal is from the judgment.

## The Facts

Lisa Irmgerd Meriweather obtained a final decree of divorce from the defendant in January 1966. On February 12, 1966, at 5:20 p.m., she returned to her home located at 1114 South Elm Drive in the City of Los Angeles. Her two sons, ages 10 and 8 years, greeted her at the front door and told her that defendant was there, and that he wanted to take them out. Lisa, believing that it was just for the day, assented to the boys' accompanying their father. Almost immediately after Lisa entered her home she saw the defendant come from the hallway into the living room. The defendant stated that he wanted to talk to her out of the presence of the children, whereupon Lisa sent the two boys to their room.

Lisa then went to the kitchen where she seated herself at the table and began to open some mail. The defendant followed her into the kitchen and stood behind her. He then stated "I would like to talk to you in your room." Lisa replied, "Why can't we talk here?", whereupon the defendant repeated his request. At this juncture Lisa turned and saw the defendant pull a gun from his jacket which he placed against her back stating, "Get up in your room. I'm going to

kill you.'' In response to this demand, Lisa got up from her chair and walked towards her room with the defendant following her. As she passed the door of the boys' room she jumped inside and asked the boys to ''please get me help.'' At this time, and at a distance of about 6 feet, the defendant shot her and she fell. The first bullet struck her in the back just below the left armpit. A second shot grazed her skull as she lay on the floor and the bullet lodged itself in the floor. A third shot entered on the right side of her neck and struck and broke her jawbone. Lisa saw the defendant trying to pull the trigger of the weapon again, heard the clicking of the trigger mechanism, but did not hear any more shots. The defendant examined the gun, then walked out of the room, taking the weapon with him. Lisa then ran to a neighbor for help. The gun used was one which Lisa had borrowed and was in the house on the day of the shooting.

Earnest Meriweather, one of Lisa's sons, testified in substance that he observed the defendant enter the house and spend some time in his mother's room; his mother came home a short time later and he and his brother were asked to go into their bedroom; he observed his mother run into the bedroom, and heard three shots fired; his mother fell to the floor after the first shot, and he then observed the defendant fire two more shots with the gun pointed at his mother; he then heard the gun clicking; he did not hear any argument between his mother and the defendant before she ran into the bedroom; as he, his brother and his mother ran out of the bedroom he thought he saw the defendant loading the gun again.

### The Contentions and the Law

The defendant does not attack the sufficiency of the evidence to sustain the judgment. It would serve no useful purpose, therefore, to set forth his version of the shooting given at the trial.

The sole contention on appeal is that it was error to convict the defendant of the crime of attempted murder, and the judgment entered on such conviction should be reversed. He contends that he should have been charged solely with the crime of assault with intent to commit murder, and that the trial court should have been limited to such charge. He urges that Penal Code section 664[1] was intended by the Legislature

---

[1]Penal Code section 664 provides in pertinent part as follows: ''Every person who attempts to commit any crime, but fails, . . . in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts as follows: 1. . . . if the crime attempted

to punish attempts where no provision is made by law for the punishment of a particular attempt, that section 217 of the Penal Code[2] specially sets forth the punishment to be imposed for the crime of attempted murder, for, as he argues, every assault with intent to commit murder constitutes an attempted murder, therefore, the language of section 217, Penal Code, being a specific statute relating to punishment, supercedes the provisions of section 664, Penal Code, which defendant characterizes as a general statute applicable only where no other provision for punishment of an attempt is made.

 Where, as here, an attack is made upon the person of another with a deadly weapon in such manner, coupled with the threat to kill, that it leaves no reasonable doubt that the perpetrator intended to murder his victim, the perpetrator has committed the crime of assault with intent to commit murder and has also committed the crime of attempt to murder.

 The crime of attempt to murder, however, does not require a violent attack with a deadly weapon upon the person of the victim, as it may be accomplished by other methods, and while simple assaults and felonious assaults are, analytically, attempts, the Legislature by statute has made them distinct offenses with specified punishments. (See 2 Witkin, Cal. Crimes (1963) § 1047(c), p. 992.) Here, the Legislature, by the enactment of section 217 of the Penal Code has made the crime of assault with intent to commit murder an offense distinct from that of attempted murder and has provided a specific punishment upon conviction thereof. Had the Legislature intended that the punishment for the crime of attempted murder should be the same as the punishment for the crime of assault with intent to commit murder it would have been a very simple matter for it to have so provided. It has not done so.

 It was proper, under the facts of the case and under the pleadings, for the trial court to have found the defendant guilty of both the crimes of attempted murder and assault with intent to commit murder. Because the crimes were committed in the same course of criminal conduct, the defendant may be punished for the crime carrying the greater

---

is one in which . . . the maximum sentence is life imprisonment or death the person guilty of such attempt shall be punishable by imprisonment in the state prison for a term of not more than 20 years.''

[2]Penal Code section 217 reads: ''Every person who assaults another with intent to commit murder, is punishable by imprisonment in the state prison not less than one nor more than fourteen years.''

penalty but not for both such crimes. (*People* v. *Tideman*, 57 Cal.2d 574, 586 [21 Cal.Rptr. 207, 370 P.2d 1007].) The trial court, however, suspended the execution of the sentence pronounced for the crime of assault with intent to commit murder. This suspension of the sentence has avoided the double penalty proscribed by section 654 of the Penal Code. (*In re Wright*, 65 Cal.2d 650, 655-656 [56 Cal.Rptr. 110, 422 P.2d 998], fn. 4; *People* v. *Niles*, 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11]; *People* v. *Cooper*, 256 Cal.App.2d 500, 502 [54 Cal.Rptr. 282].)

The judgment is affirmed.

Cobey, Acting P. J., and Moss, J., concurred.