62 Cal.App.3d 370 (1976)
132 Cal. Rptr. 813
THE PEOPLE, Plaintiff and Respondent,
v.
DAVID EUGENE WILSON, Defendant and Appellant.
Docket No. 14597.
Court of Appeals of California, First District, Division Three.
September 28, 1976.
*372 COUNSEL
R. Michael Bonnifield, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward O'Brien, Assistant Attorney General, Derald E. Granberg, Timothy A. Reardon and John H. Sugiyama, Deputy Attorney General, for Plaintiff and Respondent.
*373 OPINION
EMERSON, J.[*]
The jury found appellant David Eugene Wilson guilty of attempting to commit the voluntary manslaughter of Eddie J. Conley (see Pen. Code, § 192, subd. 1 and § 644) and of committing an assault with a deadly weapon upon Conley and Rodney H. Boudreau (Pen. Code, § 245). The jury also found that appellant was armed with and used a deadly weapon during the commission of the crimes. Concurrent sentences were imposed for the two convictions of assault with a deadly weapon. The sentence for attempted manslaughter upon Eddie J. Conley was suspended and stayed pending completion of the sentences under the other two offenses.
Appellant complains of the convictions of both attempted voluntary manslaughter and assault with a deadly weapon as to the victim, Eddie J. Conley, on the ground that assault with a deadly weapon is an offense necessarily included within that of voluntary manslaughter.
If the offense of assault with a deadly weapon were an offense necessarily included within a charge of attempted voluntary manslaughter, the conviction of the lesser offense would have to be reversed. (See People v. Ramirez (1969) 2 Cal. App.3d 345, 351-352 [82 Cal. Rptr. 665]; see also The Included Offense Doctrine in California, 10 UCLA L.Rev. 870, 872, fn. 7.)
Inclusion may occur in either of two situations. The first occurs where the statutory elements of the two crimes are so similar that the greater crime cannot be committed without necessarily committing the lesser one. (People v. Jarrett (1970) 6 Cal. App.3d 737, 740 [86 Cal. Rptr. 15].) (1) Such is not the case here, since the commission of voluntary manslaughter need not be attempted with a deadly weapon. (See People v. Ramos (1972) 25 Cal. App.3d 529, 538 [101 Cal. Rptr. 230]; and People v. Benjamin (1975) 52 Cal. App.3d 63, 71 [124 Cal. Rptr. 799].) Inclusion also may occur where the elements of the lesser offense are covered by the language of the accusatory pleading, even though these elements are not necessarily encompassed within the statutory definition of the crime charged. (People v. Marshall (1957) 48 Cal.2d 394, 397 [309 P.2d 456]; see also People v. Collins (1960) 54 Cal.2d 57, 59 [4 Cal. Rptr. 158, 351 P.2d *374 326]; People v. St. Martin (1970) 1 Cal.3d 524, 536 [83 Cal. Rptr. 166, 463 P.2d 390].)
Appellant, therefore, contends that the allegation that he used a deadly weapon in committing the crime of attempted murder makes assault with a deadly weapon a crime necessarily included in the offense charged. We cannot agree.
(2) It has been made clear in the cases of People v. Benjamin, supra, 52 Cal. App.3d 63, 71, and People v. Orr (1974) 43 Cal. App.3d 666 [117 Cal. Rptr. 738], that the added charge of use of a firearm is not to be considered in determining whether an accusation encompasses a lesser included offense. Without such consideration, assault with a deadly weapon is not an offense included in the crime of attempted murder (with which appellant was charged), or of attempted voluntary manslaughter (of which he was convicted). (See also People v. Meriweather (1968) 263 Cal. App.2d 559, 563 [69 Cal. Rptr. 880].)
(3) This being the case, appellant was properly convicted of both crimes, and the court acted within its powers when it sentenced appellant for the crime carrying the greater penalty. (People v. Meriweather, supra, at pp. 563, 564.)
Appellant's contention that the evidence established, as a matter of law, that he acted in self-defense, is without merit. (4) To justify an act of self-defense, the jury must conclude that defendant "was actually in fear of his life or serious bodily injury and that the conduct of the other party was such as to produce that state of mind in a reasonable person." (See People v. Sonier (1952) 113 Cal. App.2d 277, 278 [248 P.2d 155]; People v. Dinkins (1966) 242 Cal. App.2d 892, 904 [52 Cal. Rptr. 134].) The jury must also consider, and they were so instructed, that when the appearance of imminent danger has passed there can be no further justification for the use of further force. (People v. Perez (1970) 12 Cal. App.3d 232, 236 [90 Cal. Rptr. 521].)
There was sufficient evidence from which the jury could conclude that circumstances were not such as to produce in the mind of a reasonable person actual fear of his life. Although Conley and Boudreau testified they were drunk, they also testified they did not threaten or harrass appellant. The witness King testified that, although he heard quarreling, he saw neither victim make any overt gestures such as pushing. *375 Furthermore, the jury may have decided to reject the testimony of appellant and his companions that, before the second shot was fired, Conley continued to threaten harm. Rather, it may have accepted King's testimony that he observed the second victim start to run away before he was shot.
(5) We also disagree with appellant's contention that there was error in the instructions. The jury requested a rereading of the instructions defining attempted voluntary manslaughter, assault with a deadly weapon and self-defense. The court repeated these instructions and also repeated the distinction between the type of specific intent necessary to commit murder and the kind of general intent required to commit assault with a deadly weapon. Appellant now argues that this was error in that it obscured the fact that voluntary manslaughter is also a specific intent crime.
This argument is without merit. First, the repeated instructions commenced with the explanation that an attempt requires "a specific intent to commit the crime." Secondly, defense counsel after being informed of the request that the instruction regarding intent was also to be repeated raised no objection that the record reveals or asked for any additional instructions. Apparently, trial counsel did not feel that the instructions were misleading or produced an unfair emphasis.
Although we thus conclude that the judgments should be affirmed, we note, on our own motion, that certain modifications should be made, in accordance with current case and statutory law.
The judgment under count II (attempted voluntary manslaughter) contains the finding that appellant used a deadly weapon in the commission of the crime. This finding should be stricken. (People v. Strickland (1974) 11 Cal.3d 946, 959-961 [114 Cal. Rptr. 632, 523 P.2d 672]; Pen. Code, § 12022.5.)
The judgment under count IV (assault with a deadly weapon) contains a finding that appellant was armed with a deadly weapon when he committed the offense. This should also be stricken. (People v. Hartsell (1973) 34 Cal. App.3d 8 [109 Cal. Rptr. 627]; Pen. Code, § 12022.)
The judgment as imposed should be further modified to provide that appellant shall serve only one additional period of imprisonment *376 pursuant to Penal Code section 12022.5. (See In re Culbreth (1976) 17 Cal.3d 330 [130 Cal. Rptr. 719, 551 P.2d 23].)
As so modified, the judgment is affirmed.
Draper, P.J., concurred.
BROWN (H.C.), J.
I dissent solely on the question of whether appellant may be convicted of both an attempted voluntary homicide of Eddie Joe Conley and an assault with a deadly weapon upon Conley.
In my opinion, this case meets the test for necessarily included offenses based upon the accusatory pleading. The information charged that appellant wilfully, unlawfully and feloniously attempted to kill Eddie Joe Conley and that at the time of the commission of the offense, appellant was armed with and used a deadly weapon. If he used a gun in the attempt to kill, he must of necessity have committed an assault with a deadly weapon.
Relying on People v. Orr (1974) 43 Cal. App.3d 666 [117 Cal. Rptr. 738] and People v. Benjamin (1975) 52 Cal. App.3d 63, 71 [124 Cal. Rptr. 799], the majority concludes that the firearm use allegation cannot be considered in determining whether assault with a deadly weapon was necessarily included in the attempt to kill Conley. In Orr, the issue was whether failure to instruct sua sponte on the offense of drawing and exhibiting a firearm was error in a case in which defendant was charged with assault with a deadly weapon. The court reasoned that since a firearm use allegation involving the applicability of Penal Code section 12022.5 was not a part of the charge of the offense, it is not considered in determining whether the accusation encompasses a lesser included offense. (43 Cal. App.3d at pp. 673-674.) Subsequently, in People v. Benjamin, supra, the court approved of this holding in Orr and added that, without that rule, "an instruction on assault with a deadly weapon would have to be given in every murder, robbery or rape case in which the `use' allegation under section 12022.5 is charged." (52 Cal. App.3d at p. 72.) This is not accurate, however, since, even when requested, instructions on lesser included but uncharged offenses need not always be given; instructions are given or refused depending upon the facts introduced before the jury. (People v. Romero (1975) 48 Cal. App.3d 752, 758 [121 Cal. Rptr. 800]; People v. Morrison (1964) 228 Cal. App.2d 707, 712-713 [39 Cal. Rptr. 874].) In Orr itself, the court held that it also *377 considered that defendant presented no evidence on the theory that he was guilty of the lesser offense of exhibiting a firearm rather than the greater offense of assault.
I agree with the refusal of the courts in Benjamin and Orr to require sua sponte instructions under the facts of those cases. I do not agree, however, with a broad rule that arming and use allegations in an accusation cannot be considered in determining what offenses are necessarily included in the charged offense. Under the test that looks at the facts against which defendant must defend, no reason exists to ignore what is obviously stated, i.e., that defendant carried out the killing or attempted killing with a deadly weapon. Furthermore, such an inflexible rule would produce the result that a person accused of attempted murder, with a firearm use allegation in the information, could not be convicted of the lesser offense of assault with a deadly weapon, even though the evidence warranted such a conviction and would not support a conviction of homicide, unless the latter offense was specifically charged or defendant consented. (In re Hess (1955) 45 Cal.2d 171, 174-175 [288 P.2d 5]; People v. West (1970) 3 Cal.3d 595, 612 [91 Cal. Rptr. 385, 477 P.2d 409].) Such a result could be unfair, depending upon the circumstances, to either the prosecution or the defendant.
In the instant case, there was evidence from which the jury could conclude either that appellant intended to kill Conley and thus was guilty of an attempted homicide or that he assaulted him without the requisite intent and was thus guilty of an assault with a deadly weapon. The distinguishing feature between the two offenses was a disputed issue. In such a situation, conviction of both the lesser and the greater offenses are inconsistent and the included offense must be reversed.
The offense which should be reversed here is assault with a deadly weapon which is included within the offense of attempted manslaughter by use of a deadly weapon. I recognize that the assault charge under Penal Code section 245 carries a greater maximum penalty than does attempted voluntary manslaughter. The extent of the punishment, however, does not determine which is the necessarily included offense. The Legislature has recognized the wide range of conduct which can be punished under the assault statutes by prescribing a wide range of punishment. "At one end of the spectrum there is conduct virtually indistinguishable from premeditated murder, while at the other there is a mere attempt to seriously injure which lacks any specific intent and is *378 completely futile." (People v. Wingo (1975) 14 Cal.3d 169, 176 [121 Cal. Rptr. 97, 534 P.2d 1001]; see also People v. Jennings (1972) 22 Cal. App.3d 945, 950 [99 Cal. Rptr. 739].) In the attempted voluntary manslaughter conviction here, the jury has narrowed this range by determining that appellant acted without malice. This is the conduct for which appellant should be punished.
NOTES
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.