[Crim. No. 23993. Second Dist., Div. Four. Apr. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIVE AUSTIN ALEXANDER FLOWERS, Defendant and Appellant.

## Counsel

Nancy Kelso, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Susanne C. Wylie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—In a six-count information, defendant was charged as follows: count I, assault with intent to commit murder, in violation of Penal Code section 217; count II, assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a); count III, assault with intent to commit murder, in violation of Penal Code section 217; count IV, assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a); count V, assault with intent to commit murder, in violation of Penal Code section 217; count VI, assault with a deadly weapon in violation of Penal Code section 245, subdivision (a).

It was alleged in counts I, III and V that defendant was armed with a deadly weapon during the commission of the offenses and it was also alleged in counts II, IV and VI that defendant used a firearm during the commission of the offenses.

Defendant entered pleas of not guilty and not guilty by reason of insanity. The jury found defendant guilty as charged, found true the "armed" and "use" allegations and further found defendant sane at the time he committed the offenses charged.

Prior to testimony being received, defendant challenged the jury panel on the grounds that the method of jury selection in the central district denied him due process and equal protection. The challenge was denied.

Defendant's motion for new trial and request for probation were denied, as was his motion to strike the "use" charges. He was sentenced to state prison for the term prescribed by law. The sentences as to counts I, III and V were ordered to run concurrently and the sentences on counts II, IV and VI were ordered stayed pending appeal, the stay to become permanent upon the completion of the sentences on counts I, III and V.

Defendant appeals from the judgment of conviction.

For several years prior to 1972 Luci Wortman had lived with defendant "off and on without the benefit of clergy." They separated and quarreled many times but continued their illicit relationship until June 1972. In August 1972 she met a Samuel Matlock and moved him into her apartment which she had formerly occupied with defendant and her son, Theodore.

On August 12th Mrs. Wortman, her son Theodore, and Matlock were in the apartment together, when defendant "burst in" the apartment and started a scuffle with Matlock. Defendant went into the kitchen, came back into the living room with a butcher knife and started towards Mat-

lock. Mrs. Wortman stepped in between them and persuaded defendant to give her the knife and leave the apartment. About 6 p.m. as Mrs. Wortman was preparing dinner, defendant returned and kicked in the door. Defendant "never said a word," but "just started shooting." He fired four or five times, striking Mrs. Wortman in the abdomen, her son, Theodore, in the face and Matlock in the back.

As a result of the shootings, Mrs. Wortman was hospitalized for two weeks. Her son was hospitalized for two days. Matlock was hospitalized for three months.

Defendant testified in his own behalf: On August 12, 1972, he had been having difficulties with Mrs. Wortman; he called her his wife, although they were not legally married; he had lived with her "off and on" for approximately three years; on that date he had been living at another address; he called her apartment and told the person that answered the phone that he was coming right over to visit; when he arrived a man, later identified as Matlock, was standing behind the door and charged him, causing him to tumble backwards; his "wife" appeared and he told her to have Matlock leave the apartment; he then picked up the butcher knife from the coffee table, handed it to Mrs. Wortman and said, "This place looks filthy"; Matlock left the apartment but within a few minutes police arrived and took defendant to jail where he was released the same day; on his way home, he bought a six-pack of 16-ounce cans of beer and a pie which he consumed; the next thing he remembered was driving a car which he sometimes borrowed from a friend; eventually the car stopped and he fell asleep; he awakened and found he was about 80 miles from Los Angeles; he hitchhiked back to Los Angeles, went to his motel and discovered he had been gone a week; he went to visit Mrs. Wortman; he noticed she was holding her side and asked her what had happened; he had no recollection of entering the apartment on the 12th of August or of firing a gun; in fact, he never owned a gun.

■ Defendant contends that the convictions on counts II, IV and VI must be reversed because assault with a deadly weapon is a lesser included offense of assault with intent to commit murder while armed with a deadly weapon. Defendant argues that he could not be convicted of both offenses. In this defendant is in error; we find no merit in his contention or his argument. It was stated in *People* v. *Ramos,* 25 Cal.App.3d 529, 538 [101 Cal.Rptr. 230], which confronted the same contention as that raised in the instant case: "Although assault by means of force likely to produce great bodily injury may well be a lesser included offense within Penal Code section 217, nevertheless, assault with a deadly weapon is not. 'The test

in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. [Citations.]' Not every assault with intent to commit murder implies the employment of a deadly weapon."

It is to be noted that the information in the case at bench charged defendant with assault with a deadly weapon *and* assault with intent to commit murder. As to counts I, III and V, charging assaults with intent to commit murder, it was charged defendant was "armed," whereas in counts II, IV and VI "use" was charged. There is a difference. To support defendant's theory, the information must allege, for offenses under section 217 of the Penal Code, the *use* of a deadly weapon. One may be "armed" with a deadly weapon in the commission of a crime and still not use it in its commission. It is apparent that the Legislature recognized the differences above-noted by the enactment of Penal Code sections 12022 and 12022.5, which prescribe different penalties for being "armed" with a deadly weapon and for the "use" of a firearm.

"[A]ssault with a deadly weapon (Pen. Code, § 245, subd. (a)), is not included in assault with intent to commit murder (Pen. Code, § 217) . . . since the latter crime does not contain as an element the use of a deadly weapon. [Citations.]" *(People* v. *Schueren,* 10 Cal.3d 553, 559 [111 Cal. Rptr. 129, 516 P.2d 833].)

■ Defendant contends the judgment must be reversed because the court failed to instruct the jury on the issue of unconsciousness. He argues that the failure of the court to so instruct was error, as "unconsciousness" is a complete defense to any crime. The defendant relies on *People* v. *Newton,* 8 Cal.App.3d 359, 376 [87 Cal.Rptr. 394]. Defendant's contention is without merit and his reliance on *People* v. *Newton* is misplaced. The trial court here gave the following instruction: "Where a person commits an act without being conscious thereof, such act is not criminal even though, if committed by a person who was conscious, it would be a crime.

"This rule of law applies only to cases of the unconsciousness of persons of sound mind, such as somnambulists or persons suffering from the delirium of fever, epilepsy, a blow on the head or the involuntary taking of drugs or intoxicating liquor and other cases in which there is no functioning of the conscious mind."

The court also gave instructions which covered the law that assault to commit murder is a specific intent crime and told the jury when voluntary intoxication is relevant to specific intent, as well as giving CALJIC instruc-

tion No. 4.31 entitled "Unconsciousness-Burden of Proof."[1] The defendant in the case at bench had offered evidence of his intoxication to support his theory of unconsciousness. Our Supreme Court said in *People* v. *Kelly,* 10 Cal.3d 565, 573 [111 Cal.Rptr. 171, 516 P.2d 875], quoting from its earlier decision in *People* v. *Conley,* 64 Cal.2d 310, 323 [49 Cal.Rptr. 815, 411 P.2d 911], " 'Defendant offered evidence of intoxication caused by alcohol and drugs to support his defense of unconsciousness. [Exactly the same contention defendant makes herein.] Unconsciousness is ordinarily a complete defense to a criminal charge. (Pen. Code, § 26, subd. Five.) If the state of unconsciousness is caused by voluntary intoxication, however, it is not a complete defense.' [Citations.]"

■ Defendant contends that the method of jury selection in the central district deprived him of equal protection of the laws, due process and the right to trial by a jury of his peers. His contention is without merit. The record indicates the motion was not timely made; defendant concedes his challenge to the panel was made after the jury had been sworn in and an opening statement had been made by the People. Penal Code section 1060 specifically provides: "A challenge to the panel must be taken before a juror is sworn, and must be in writing or be noted by the Phonographic Reporter, and must plainly and distinctly state the facts constituting the ground of challenge."

Defendant also concedes that the validity of the method of jury selection in the Central District of Los Angeles County has been settled adversely to his position by *Adams* v. *Superior Court,* 27 Cal.App.3d 719 [104 Cal.Rptr. 144]. With this we agree. He says that he merely wishes to preserve the issue for appeal to a federal court.

The judgment of conviction is affirmed.

Kingsley, J., and Dunn, J., concurred.

---

[1]"If the evidence establishes beyond a reasonable doubt that at the time of the commission of the alleged offense the defendant acted as if he was conscious, you should find that he was conscious.

"However, if, notwithstanding the defendant's appearance of consciousness, the evidence raises a reasonable doubt whether he was in fact conscious, you should find that he was then unconscious."