Opinion
 

 ROUSE, J.
 

 Defendant, Walter Cole, was charged by information with one count of assault with intent to commit murder (Pen. Code, § 217), enhanced by a firearm use allegation (Pen. Code, §§ 1203.06, 12022.5) and a great bodily injury charge (Pen. Code, § 12022.7); and with one count of possession of a concealable firearm by a felon (Pen. Code, § 12021). Five prior felony convictions were alleged; defendant admitted the first and fifth, and the others were stricken. Defendant pleaded not guilty to both counts, and denied the firearm use allegation and the great
 
 *858
 
 bodily injury charge. His motion to suppress evidence under section 1538.5 of the Penal Code
 
 [1]
 
 was denied, as was his motion to dismiss under section 995. He proceeded to trial by jury, where he was found guilty of assault with a deadly weapon (§ 245, subd. (a)), a lesser included offense within the offense charged in the first count, assault with intent to commit murder. Defendant was found to have used a firearm. He was also convicted of possession of a concealable firearm by a felon. Defendant’s motion for a new trial based upon newly discovered evidence was denied. He appeals from the judgments of conviction.
 

 The case arose from a shooting on October 4, 1977, at the Soul Food Bar on San Pablo Avenue in Oakland, California. The bar was partly owned by defendant’s common law wife, Rita Morrison, and defendant worked there part-time as the manager.
 

 Early that evening Scotty Guess arrived at the bar with Dorothy Stacy and Robin Redmond. Guess had never been to the bar before, and did not know defendant prior to that evening. Defendant was at the bar when Guess, Stacy and Redmond arrived. Guess testified that upon arriving at the bar, he played three games of pool, after which a man named “Cadillac” approached him and began threatening to “blow me away.” An argument ensued between Guess and “Cadillac,” whom Guess identified at trial as defendant. (Other evidence at trial also established that defendant used the name “Cadillac.”)
 

 Guess testified that after the argument, defendant went behind the bar and reached for an object which Guess could not identify as a gun. He stated that defendant then returned to where he was sitting, came up behind him and shot him in the back of the head. Guess heard the shot, but at no time saw a gun in defendant’s hand. Stacy testified that she did not see defendant shoot Guess, but did hear the shot and turned in time to see “Cadillac” strike Guess over the head with a handgun as he was falling to the floor. Guess sustained a gunshot wound to the back of the head and a laceration on his forehead, and was taken to Herrick Hospital in Berkeley.
 

 The next day, police found bloodstains on the floor of the bar, and discovered the expended slug from a .38 caliber bullet on the floor next to the pool table.
 

 
 *859
 
 Morrison, defendant’s common law wife, testified at trial that she was at the bar the entire night but was unaware that a shooting had occurred.
 

 Evidence of defendant’s prior felony conviction for arson was introduced at trial.
 

 Defendant’s first contention on appeal is that the trial court improperly denied his motion for a new trial based upon newly discovered evidence. Defendant’s purported new evidence was the affidavit of his common law wife, Rita Morrison, in which she claimed full responsibility for the assault on Scotty Guess. Morrison’s declaration averred that “to the best of my knowledge” defendant was not involved in the incident. Defendant’s attorney averred that Morrison came forward with this new and relevant evidence only after defendant was convicted. We conclude that the trial court was correct in denying the motion.
 

 Defendant argues that he has a statutory right to a new trial under section 1181, subdivision 8.
 
 [2]
 
 The granting or denial of a motion for new trial on newly discovered evidence is a matter for the sound discretion of the trial court.
 
 {People
 
 v.
 
 Hill
 
 (1969) 70 Cal.2d 678, 698 [76 Cal.Rptr. 225, 452 P.2d 329], cert, den., 406 U.S. 971 [32 L.Ed.2d 671, 92 S.Ct. 2416];
 
 People
 
 v.
 
 Beyea
 
 (1974) 38 Cal.App.3d 176, 202 [113 Cal.Rptr. 254].) Such a motion is generally looked upon with disfavor, and unless a clear abuse of discretion is shown, a denial of the motion will not be disturbed on appeal.
 
 (People
 
 v.
 
 McDaniel
 
 (1976) 16 Cal.3d 156, 179 [127 Cal.Rptr. 467, 545 P.2d 843].) In determining whether there has been a proper exercise of discretion, each case must be judged upon its own factual background.
 
 {People
 
 v.
 
 Hill, supra,
 
 at p. 698;
 
 People
 
 v.
 
 Hairgrove
 
 (1971) 18 Cal.App.3d 606, 610 [96 Cal.Rptr. 142];
 
 People
 
 v.
 
 Baeske
 
 (1976) 58 Cal.App.3d 775, 783 [130 Cal.Rptr. 35].) In
 
 People
 
 v.
 
 Beyea, supra,
 
 this court reaffirmed the well established rule that “in ruling on the motion, the trial court must consider the following factors: 1) that the evidence, and not merely its materiality, is newly discovered; 2) that the evidence is not merely cumulative; 3) that it would render a different result probable on retrial of the cause; 4) that the party could not with reasonable diligence have discovered and produced it at trial; and 5) that these facts have been shown by the best evidence of which the case admits
 
 (People
 
 v.
 
 Williams
 
 (1962) 57 Cal.2d 263, 270 [18 Cal.Rptr. 729, 368 P.2d 353]).” (P. 202.) In its consideration of these five factors, the trial
 
 *860
 
 court may weigh the credibility of the new evidence in determining whether its introduction would render a different result on retrial reasonably probable.
 
 (.People
 
 v.
 
 Beyea, supra,
 
 at p. 202.)
 

 In this case, the trial court concluded that affiant Rita Morrison’s credibility was “zero,” and discounted her affidavit. Its conclusion was based upon Morrison’s perjury at the trial, her trial testimony that she was unaware a shooting had even occurred that night, and the fact that she twice testified at trial, but failed to bring forth this evidence at that time. It was not improper for the trial court to deny defendant’s motion if it believed Morrison’s proffered affidavit lacked credibility and would not have changed the result on retrial.
 
 (People
 
 v.
 
 Charley Quong
 
 (1935) 5 Cal.App.2d 137, 139 [42 P.2d 386].)
 

 Defendant relies principally on
 
 People
 
 v.
 
 Hairgrove, supra,
 
 18 Cal.App.3d 606. That case is factually distinguishable. In
 
 Hairgrove,
 
 the defendant’s motion for a new trial was also based upon a third party’s affidavit but was denied without the trial court taking the affiant’s testimony at the hearing. Because the affiant did not testify at the trial, the Court of Appeal held that the trial judge abused his discretion in not taking all relevant evidence on the motion prior to denying it. However, in reversing, the court expressed no opinion as to the merits of the defendant’s motion. (P. 610.)
 

 Hairgrove
 
 merely addressed the issue of the defendant’s ability to fully
 
 present
 
 his new evidence. It was not the merits of the trial court’s decision that was at issue, but rather the procedure used to reach that decision. In the present case it is not claimed that the trial court committed error by limiting defendant’s ability to present his new evidence. There is nothing in the record to indicate that defendant even sought to produce Morrison’s testimony at the hearing on his motion. Moreover, the affiant in this case did testify at the trial, and defendant had the opportunity at that time to confront her.
 

 Defendant also alleged that a new trial may be granted where failure to do so results in the denial of a fair trial or a miscarriage of justice. We conclude, however, that there was neither a denial of a fair trial nor a miscarriage of justice when defendant’s motion for a new trial was denied.
 

 Defendant next contends that his conviction for assault with a deadly weapon (§ 245, subd. (a)) was improper since that crime is not a lesser included offense of the crime of assault with intent to commit
 
 *861
 
 murder (§ 217).
 
 [3]
 
 The Attorney General concedes this point, but argues that under a test of lesser included offenses established in
 
 People
 
 v.
 
 Collins
 
 (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326], defendant’s conviction may stand.
 

 Two different types of necessarily included offenses have been recognized in this state. First, where an offense cannot be committed without committing another offense, the latter offense is an included offense. Second, a lesser offense is necessarily included if it is within the offense specifically charged in the information.
 
 (People
 
 v.
 
 Cannady
 
 (1972) 8 Cal.3d 379, 390 [105 Cal.Rptr. 129, 503 P.2d 585];
 
 People
 
 v.
 
 St. Martin
 
 (1970) 1 Cal.3d 524, 536 [83 Cal.Rptr. 166, 463 P.2d 390]; Witkin, Cal. Criminal Procedure (1963) §§ 542, 543, pp. 553-555.)
 

 The Attorney General admits that under the “elements of the crime” test, assault with intent to commit murder does not encompass all the elements of assault with a deadly weapon. Case law supports this view.
 
 (People
 
 v.
 
 Schueren
 
 (1973) 10 Cal.3d 553, 559 [111 Cal.Rptr. 129, 516 P.2d 833];
 
 People
 
 v.
 
 Flowers
 
 (1974) 38 Cal.App.3d 813, 816-817 [113 Cal.Rptr. 701].)
 

 The second test of lesser included offenses recognized in this state is the “accusatory pleading” test.
 
 (People
 
 v.
 
 Marshall
 
 (1957) 48 Cal.2d 394 [309 P.2d 456]; Witkin,
 
 supra,
 
 § 543, at pp. 554-555.) Under this analysis, if the facts alleged in the charging papers sufficiently notify the defendant of any potential lesser included offenses, a conviction of such lesser offenses may stand.
 
 {People
 
 v.
 
 Marshall, supra,
 
 at pp. 405-406.) When the information charges specific facts about the criminal conduct, the defendant is put on notice that he should also be prepared to defend against any lesser included crimes.
 
 (Marshall,
 
 at pp. 405, 407.)
 

 In the present case, however, the accusatory pleading test is inapplicable. Because the district attorney failed to allege within the first
 
 *862
 
 count of the information that defendant employed a deadly weapon in committing the assault on Guess, defendant cannot be deemed to have had notice of the lesser offense from the content of the information.
 
 (People
 
 v.
 
 Heffington
 
 (1973) 32 Cal.App.3d 1, 16 [107 Cal.Rptr. 859].) And although the first count included a firearm use allegation under section 12022.5, such a “use” allegation may not be considered in determining whether the accusation includes a lesser offense.
 
 (People
 
 v.
 
 Wilson
 
 (1976) 62 Cal.App.3d 370, 374 [132 Cal.Rptr. 813];
 
 People
 
 v.
 
 Benjamin
 
 (1975) 52 Cal.App.3d 63, 71-72 [124 Cal.Rptr. 799];
 
 People
 
 v.
 
 Orr
 
 (1974) 43 Cal.App.3d 666, 673-674 [117 Cal.Rptr. 738].)
 

 Notwithstanding the inapplicability of the “elements” and “accusatory pleading” tests, the Attorney General argues that there is another test of lesser included offenses which authorizes this court to affirm defendant’s conviction. He asserts that
 
 People
 
 v.
 
 Collins
 
 (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326], established, in effect, a third test. In that case, the defendants were charged with rape by force and violence, in violation of former subdivision 3 of section 261, but were found guilty of intercourse with a female under the age of 18, in violation of former subdivision 1 of the same statute. Although the age of the prosecuting witness was not stated in the information, the evidence produced at the preliminary hearing established that she was 15 years of age. The California Supreme Court first pointed out that the various subdivisions of section 261 did not state different offenses but merely defined the different circumstances under which an act of intercourse constituted the crime of rape. (P. 59.) The court then stated that, since a defendant was entitled to be advised of the charges against him in order to have a reasonable opportunity to prepare his defense, it would be unfair to charge him under one subdivision of section 261 and offer proof that he violated another subdivision of that statute “unless before the trial he has received notice of the possibility of such a variance by other means than the information.” (P. 59.) The court concluded that the decisive question was whether the variance “was of such a substantial character as to have misled defendants in preparing their defense.” (P. 60.) The court held that it was not because the evidence at the preliminary hearing established that the victim was 15 years old and the defendants had made no claim that they could have disputed her age. The judgments of conviction were affirmed.
 

 The
 
 Collins
 
 reasoning has been followed in subsequent cases where the defendant was convicted of a lesser included offense involving a different subdivision of the same penal statute.
 
 {People
 
 v.
 
 Lax
 
 (1971) 20
 
 *863
 
 Cal.App.3d 481, 486-487 [97 Cal.Rptr. 722];
 
 People
 
 v.
 
 Chavez
 
 (1968) 268 Cal.App.2d 381, 384-385 [73 Cal.Rptr. 865];
 
 People
 
 v.
 
 Baca
 
 (1966) 247 Cal.App.2d 487, 491, fn. 3 [55 Cal.Rptr. 681].)
 

 However, in
 
 People
 
 v.
 
 Leech
 
 (1965) 232 Cal.App.2d 397 [42 Cal.Rptr. 745], the court held that the
 
 Collins
 
 reasoning could not be applied in a situation where the defendant was convicted of a lesser included offense involving a statute other than the one with which he had been charged in the information. A similar conclusion was reached in
 
 People
 
 v.
 
 Escarcega
 
 (1974) 43 Cal.App.3d 391, 396, footnote 1 [117 Cal.Rptr. 595], and, later, in
 
 People
 
 v.
 
 Tatem
 
 (1976) 62 Cal.App.3d 655, 658 [133 Cal.Rptr. 265]. The court in
 
 People
 
 v.
 
 Leech, supra,
 
 at pages 399-400, also concluded that the evidence produced at the preliminary hearing could not be used to expand the information so as to charge an offense not included within the offense charged. The
 
 Leech
 
 case was cited with approval for this proposition in
 
 People
 
 v.
 
 Ramos
 
 (1972) 25 Cal.App.3d 529, 537, footnote 4 [101 Cal.Rptr. 230].
 

 We are of the opinion that the narrow interpretation accorded to the
 
 Collins
 
 decision by
 
 Leech
 
 and its progeny ignores the underlying reasoning of the
 
 Collins
 
 case and exalts form over substance. Although rape by force and violence and intercourse with a female under the age of 18 may have been offenses covered by different subdivisions of the same penal statute on the date when the
 
 Collins
 
 case was decided, it is apparent that the two offenses were very different from one another. In actual fact, those two offenses could fairly be characterized as having considerably less in common than the two offenses with which we are here concerned, namely, assault with intent to commit murder and assault with a deadly weapon. It makes little sense to limit the
 
 Collins
 
 rationale to a situation where the offense of which a defendant is convicted is covered by a subdivision of the same statute as the offense charged.
 

 The crux of the
 
 Collins
 
 decision is that a variance between the offense charged and a lesser offense of which a defendant is ultimately convicted will be deemed material only if the defendant was misled to his prejudice and prevented from preparing an effective defense. In this instance, the evidence at the preliminary hearing left no doubt that the assault with which defendant was charged involved the use of a deadly weapon. The only question involved was identity of the perpetrator of the offense. Scotty Guess testified at the hearing that defendant threatened “to blow me away”; that defendant shot him with a gun and that he sustained gunshot wounds in the head. Other preliminary hearing testimony
 
 *864
 
 established that the assault was committed with a handgun fired at close range. Thus, defendant was early advised of the fact that the specific conduct upon which the charge contained in the information was based involved an assault with a deadly weapon.
 

 Here, the defense case was one of mistaken identity. It found some support in Dorothy Stacy’s testimony that defendant was not the individual known to her as “Cadillac”; that she did not know defendant and had never seen him before the trial. There was also evidence that when the victim, Scotty Guess, talked with a doctor following the shooting, he stated that he had been shot by someone he did not know.
 

 In this instance, the defense which defendant chose to present was equally appropriate to a charge of either assault with intent to commit murder or assault with a deadly weapon. Defendant has made no claim that he would have relied upon a different defense had the information specifically charged him with assault with a deadly weapon.
 

 Also, we note that defense counsel made no objection when the trial judge announced that he intended to instruct on the lesser offense of assault with a deadly weapon. In
 
 People
 
 v.
 
 Ramos, supra,
 
 25 Cal.App.3d at pages 539-540, it was held that, by his conduct at the trial, the defendant had waived the right to complain that the court had erroneously instructed the jury that assault with a deadly weapon was a lesser included offense to the charge of assault with intent to commit murder.
 

 Under the circumstances, we conclude that defendant was properly convicted of assault with a deadly weapon, since his opportunity to prepare and defend against such a charge was in no way impaired by the fact that said offense was not charged in the information. Also, we conclude that, in this instance, the omission of said offense from the information did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13.)
 

 Defendant next claims error in the jury’s finding that he used a firearm, under section 12022.5. He bases this claim on four grounds, none of which have merit. Section 12022.5 reads, in part, “Any person who personally uses a firearm in the . . . attempted commission of a felony shall, upon conviction of such . . . attempted felony ... be punished by an additional term of two years . . . . [U] The additional term provided by this section may be imposed in cases of assault with a deadly weapon under Section 245.”
 

 
 *865
 
 First, a section 12022.5 enhancement may attach to a conviction for assault with a deadly weapon. Secondly,
 
 People
 
 v.
 
 Provencher
 
 (1973) 33 Cal.App.3d 546 [108 Cal.Rptr. 792], upon which defendant relies, is outdated authority in light of the 1975 amendment to section 12022.5 which brought assault with intent to commit murder within the statute’s coverage.
 
 [4]
 
 Thirdly, the jury’s use finding in this case did not conflict with another enhancement statute. (Cf.
 
 People
 
 v.
 
 Bennett
 
 (1976) 60 Cal.App.3d 112, 119-121 [131 Cal.Rptr. 305].) Lastly, the question whether defendant used a firearm is one for the jury, and circumstantial evidence may be drawn upon by the jury in making its decision.
 
 (People
 
 v.
 
 Hayden
 
 (1973) 30 Cal.App.3d 446, 451-452 [106 Cal.Rptr. 348], overruled on other points,
 
 People
 
 v.
 
 Rist
 
 (1976) 16 Cal.3d 211, 222 [127 Cal.Rptr. 457, 545 P.2d 833].) The jury’s finding in this case is amply supported by the evidence.
 

 Defendant correctly points out that a finding of great bodily injury under section 12022.7 must be stricken from the minute order of the sentencing hearing and the abstract of judgment, since no such finding was made by the jury. Although the jury did find firearm use, it failed to find a great bodily injury. Accordingly, the above documents in the record should be amended to reflect the correct finding.
 
 (In re Candelario
 
 (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497,
 
 477
 
 P.2d 729].)
 

 Finally, defendant contends that his sentence was improperly enhanced by one year due to his prior convictions. (§ 667.5, subd. (b).) Defendant admitted prior convictions for the crimes of arson, and conspiracy and pimping. The record reveals that at some point after defendant’s arson conviction, he was paroled, but that his parole was revoked and he was reimprisoned upon his conviction and separate prison sentence in the conspiracy and pimping matter.
 

 Section 667.5, subdivision (b), provides that the trial court “shall impose a one-year term for each prior separate prison term served for any felony . . . .” Defendant argues that but for his conviction and confinement for conspiracy and pimping, his parole on the arson conviction would not have been revoked, and, in effect, that because of this “coupling,” the reimprisonment for arson was not a “prior separate prison term” which may be used to enhance under section 667.5, subdivision (b). We conclude that defendant is correct, and that the abstract of judgment must be amended to strike the one-year enhancement for his arson prior.
 

 
 *866
 
 A “prior separate prison term” is defined in section 667.5, subdivision (g), as “a continuous completed period of prison incarceration . . . including any reimprisonment on revocation of parole
 
 which is not accompanied by a new commitment to prison
 
 . . . .” (Italics added.) Here, defendant’s reimprisonment upon revocation of parole on the arson prior
 
 was
 
 accompanied by the new commitment for his conspiracy and pimping conviction, hence reimprisonment is not a “prior separate prison term” and may not be used to enhance defendant’s sentence.
 

 It is ordered that the record be corrected by deleting the great bodily injury finding, and that the abstract of judgment be amended to strike the one-year enhancement for defendant’s prior conviction of arson. The judgments of conviction of the crimes of assault with a deadly weapon and possession of a concealable firearm by a felon are affirmed.
 

 Kane, Acting P. J., and Miller, J., concurred.
 

 The petitions of both parties for a hearing by the Supreme Court were denied August 1, 1979.
 

 [1]
 

 Unless otherwise indicated, all statutory references herein are to the Penal Code.
 

 [2]
 

 Section 1181, subdivision 8, provides, in part, that the trial court may grant a new trial “When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial.”
 

 [3]
 

 The first count of the information charged that “said defendant did then and there assault SCOTTIE GUESS with intent to commit murder.” The count also alleged the use of a firearm during the commission of the assault. (§§ 1203.06; 12022.5.) The trial court instructed the jury that assault with a deadly weapon was a necessarily lesser included offense to assault with intent to commit murder. Unfortunately, there is no record of any instructions requested by either party in this case. Thus we have no way of knowing whether either party requested this assault with a deadly weapon instruction or whether the court acted
 
 sua sponte.
 
 Of course, it is possible that neither side requested that particular instruction be given, but that seems highly unlikely. If particular instructions
 
 were
 
 requested, then the trial court has failed to comply with the requirements of sections 1127 and 1176.
 

 [4]
 

 Statutes 1975, chapter 278, section 1, page 700.