[Crim. No. 34953. Second Dist., Div. One. Feb. 15, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT MUIS, Defendant and Appellant.

COUNSEL

Charles A. Gangloff and Richard L. Poland for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet Swoboda and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LILLIE, Acting P. J.**—A jury found defendant guilty of trespass (§ 602.5, Pen. Code) a misdemeanor, a lesser but necessarily included offense in burglary (§ 459, Pen. Code) charged in count I, and not guilty of grand theft (count II).[1] He appeals from the judgment (order granting probation).

Appellant concedes that the judgment is supported by substantial evidence but contends that a violation of section 602.5, Penal Code is not a lesser necessarily included offense in a violation of section 459, and the trial court erred in instructing the jury to that effect (CALJIC No. 17.10.)[2] He argues that a burglary can be committed without committing a trespass; that the necessarily included offense must be within the offense charged in the accusatory pleading, here it is not and the allegation that he did "unlawfully enter" the residence of Daniel Stiel would not give him adequate notice that he had to prepare to defend a charge of entry "without consent of the owner" because these terms are not synonymous; and that *People* v. *Lopez* (1967) 249 Cal.App.2d 93

---

[1]Codefendant Robert Mark Whiman was not tried with defendant.

[2]The Attorney General challenges as unsupported by the record appellant's statement that CALJIC No. 17.10 was given "over defense objection," and argues that having failed to raise the issue on trial defendant is precluded from doing so now. Absent in the record before return of the jury verdict is any defense objection to CALJIC No. 17.10, indeed any colloquy relating thereto. However, on arraignment for judgment, defendant stated, as legal cause why judgment should not be pronounced, his contention that a violation of section 602.5 was not a lesser necessarily included offense in a violation of section 459. In the course of argument, defense counsel alluded to a prior objection and "ruling." Although appellant has not directed our attention to any reference in the record suggesting such ruling, and we have found none, it is apparent to us that sometime during trial there took place a discussion between court and counsel relative to the propriety of a conviction under section 602.5, Penal Code resulting in the "ruling." This well may account for the absence of reference to CALJIC No. 17.10 at the time of discussion of the other instructions. Further, had there been no such prior "ruling" it is highly probable that the prosecutor would have called this omission to the court's attention on argument at the time of arraignment for judgment.

[57 Cal.Rptr. 441] "clearly stated that burglary has no lesser included offenses."[3]

Two types of necessarily included offenses have been recognized in California. ■ The first, where an offense cannot be committed without committing another offense, the latter is an included offense. (*People* v. *Cole* (1979) 94 Cal.App.3d 854, 861 [155 Cal.Rptr. 892].) We agree that a burglary can be committed without a violation of section 602.5, Penal Code,[4] thus unlawful entry is not a necessarily included offense within the crime of burglary.[5] (*People* v. *Wetmore* (1978) 22 Cal.3d 318, 327, fn. 8 [149 Cal.Rptr. 265, 583 P.2d 1308]; *People* v. *Yoder* (1979) 100 Cal.App.3d 333, 339-340 [161 Cal.Rptr. 35].[6])

Second, a lesser offense is necessarily included if it is within the offense specifically charged in the information. (*People* v. *Cannady* (1972) 8 Cal.3d 379, 390 [105 Cal.Rptr. 129, 503 P.2d 585].) This is determined by the "accusatory pleading" test—if the facts alleged in the charging papers sufficiently notified defendant of any potential lesser included offenses, he is put on notice that he should be prepared to defend against such lesser offenses, and conviction thereof may stand. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 405-406 [309 P.2d 456].) Several cases have accepted the premise that an unauthorized

---

[3]This is not the holding in *Lopez*. Therein the court rejected the contention made by defendant on his motion for new trial that sections 602, subdivision (j) [entering lands] and 602, subdivision (*l*) [entering and occupying real property] were necessarily included offenses in burglary, and commented that the trial court correctly held "that there is no *such* included offense on a charge of burglary." (P. 102; italics added.) Obviously, the word "such" referred to offenses arising out of section 602, subdivision (j) and/or section 602, subdivision (*l*), neither of which is involved in the instant case; section 602.5 was not mentioned in *Lopez*.

[4]Section 602.5: "Unauthorized entry of property. [¶] Every person...who enters or remains in any noncommercial dwelling house...without consent of the owner...is guilty of a misdemeanor."

[5]Section 459: "Every person who enters any house...with intent to commit grand or petit larceny or any felony is guilty of burglary."

[6]We note, however, that in *People* v. *Cline* (1969) 2 Cal.App.3d 989, 991, 1001 [83 Cal.Rptr. 246], which has been used as the basis of CALJIC No. 17.10 for the proposition that the court accepted the principle that an unauthorized entry can be a necessarily included offense in a charged burglary, the court simply affirmed a judgment of conviction of "unauthorized entry of property in violation of section 602.5 (a lesser but necessarily included offense of the burglary in violation of section 459 which had been charged in the indictment)." (P. 991.)

entry can be a lesser included offense in a charged burglary. In *People v. Wetmore* (1978) 22 Cal.3d 318 [149 Cal.Rptr. 265, 583 P.2d 1308] the Supreme Court in footnote 8 at page 327 explored the potential lesser included offense in a burglary case in connection with the error in exclusion of certain evidence: "Defense counsel suggested at oral argument that defendant probably could have been convicted of the lesser offense of unauthorized entry (Pen. Code, § 602.5). Although unauthorized entry is not a necessarily included offense within the crime of burglary, '[i]n determining whether one crime is a lesser included offense of another, courts ordinarily look to the specific language of the accusatory pleading rather than to the statutory definition of the greater crime.' (*People* v. *Anderson* (1975) 15 Cal.3d 806, 809 [126 Cal.Rptr. 235, 543 P.2d 603].) Arguably the information filed in the instant case adequately charged the lesser offense of unauthorized entry." However, in order to reach and reject amicus' contention, the court assumed "for sake of argument" that it was correct in its claim that defendant could not have been convicted of a lesser offense.

More directly related to the issue here is *People v. Hulderman* (1976) 64 Cal.App.3d 375 [134 Cal.Rptr. 223] in which the implication is clear that in the proper evidentiary posture of a burglary case a violation of section 602.5 can be a lesser included offense. The court held that there was no error in failing *sua sponte* to give an instruction on the lesser included offense of the unauthorized entry not because, as urged by appellant herein, a violation of section 602.5 cannot be a lesser included offense in burglary, but on the ground the evidence of the burglary did not support it. "Other than the inference thus raised [that an occupant does not consent to entry of another to his home for the purpose of committing larceny] there is no evidence defendant entered the trailer without the consent of the owner, his agent or the occupant. In the event the jury did not accept the evidence establishing defendant's entry was with intent to commit larceny as proof of his intent, there is no evidence he was in the trailer without consent. Thus, under the evidence the defendant was guilty of burglary as charged or was not guilty of any offense. *Under these circumstances* the failure to give an instruction on the alleged lesser-included offense of unlawful entry was not error [citation]." (64 Cal.App.3d at p. 379; italics added.) Whereas in *Hulderman* there was no evidence that defendant made entry without consent of the owner, other than inference, in the case at bench it is conceded by appellant "that the jury had sufficient facts before it to find him guilty of 602.5, Penal Code." He also conceded this below, and the trial court confirmed "there certainly was an unauthorized entry."

Stiel, the owner, did not give defendant permission to enter his house, and did not desire defendant to enter; and defendant himself testified that he made entry by removal of a screen and climbing through the window of Stiel's residence.

An additional or third test evolved from *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326] and expanded in *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], is also applicable. The court concluded in *Collins* that the decisive question was whether the variance "was of such a substantial character as to have misled defendants in preparing their defense." (P. 60.) The court held that it did not, because of the evidence received on the preliminary hearing. The crux of *Collins*, as articulated in *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], is that a variance between the offense charged and a lesser offense of which defendant is convicted will be deemed material only if the defendant was misled to his prejudice and prevented from preparing an effective defense. *Cole* involved a conviction of assault with a deadly weapon (§ 245, subd. (a), Pen. Code); the issue was whether this was a lesser included offense in the crime of assault with intent to commit murder (§ 217). The court said the offense met neither test but affirmed the conviction under the third test established in *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326] notwithstanding separate statutes there involved. The court held that the evidence at the preliminary hearing left no doubt that the assault with which defendant was charged involved the use of a deadly weapon. In *Cole* the court further stated at page 864: "In this instance, the defense which defendant chose to present was equally appropriate to a charge of either assault with intent to commit murder or assault with a deadly weapon. Defendant has made no claim that he would have relied upon a different defense had the information specifically charged him with assault with a deadly weapon. [¶] Also, we note that defense counsel made no objection when the trial judge announced that he intended to instruct on the lesser offense of assault with a deadly weapon. In *People* v. *Ramos, supra,* 25 Cal.App.3d at pages 539-540 [101 Cal.Rptr. 230], it was held that, by his conduct at the trial, the defendant had waived the right to complain that the court had erroneously instructed the jury that assault with a deadly weapon was a lesser included offense to the charge of assault with intent to commit murder. [¶] Under the circumstances, we conclude that defendant was properly convicted of assault with a deadly weapon, since his opportunity to prepare and defend against such a charge was in no way impaired by the

fact that said offense was not charged in the information. Also, we conclude that, in this instance, the omission of said offense from the information did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13.)"

■ Whatever variance exists between the offense charged and the lesser included offense of which defendant was convicted, we deem to be not material. To place the issue here in its proper perspective there can be no doubt on the record before us that defense counsel was aware of the specific conduct upon which the alleged offense was based well before the trial, and that defendant's opportunity to prepare and defend against a charge of unauthorized entry was in no manner impaired by the failure to allege the same in the information. He does not nor on this record could he claim that he was not afforded adequate notice of the potential charge of unauthorized entry, he was in any way prevented from preparing an effective defense or that he was misled to his prejudice. (*People* v. *Collins* (1960) 54 Cal.2d 57, 60 [4 Cal.Rptr. 158, 351 P.2d 326].) Evidence adduced at the preliminary hearing may put a defendant on notice of the potential charges against him and provide a reasonable opportunity to prepare a defense (*People* v. *Collins* (1960) 54 Cal.2d 57, 60 [4 Cal.Rptr. 158, 351 P.2d 326]; *People* v. *Cole* (1979) 94 Cal.App.3d 854, 862 [155 Cal.Rptr. 892]; *People* v. *Mayes* (1968) 262 Cal.App.2d 195, 199 [68 Cal.Rptr. 476]); and here the transcript of testimony taken at the preliminary hearing left no doubt that the entry was nonconsensual. Further, the record shows that throughout the trial, defense counsel was most competent in his representation of defendant in the presentation of his defense taking advantage of all possible motions and objections to protect his client, and demonstrates his studied thoroughness of the facts and the law; there was no facet of the case with which he was not familiar. His conduct during trial reflected an early knowledge[7] that his client had made an unauthorized entry of Stiel's residence.

---

[7]Before cross-examining Stiel, the People's first witness, defense counsel forwarded to the court two proposed instructions asking the court to consider them in connection with the manner in which he wished to cross-examine Stiel; during argument thereon he commented that he thought the court was concerned with the fact defendant and Whiman may not have had the actual right to enter Stiel's residence, the court responded, "There is no question about that they had no right," and defense counsel said: "And I would agree." Further, as heretofore mentioned, there was an objection and "ruling" early in trial in connection with the potential charge of violation of section 602.5, Penal Code; we assume from the defense argument on arraignment for judgment that at that time the issue was fully discussed and counsel knew that CALJIC No. 17.10 would be given.

Finally, defendant's defense had no bearing on the circumstances of his entry. His defense was, and he so testified, that his intent in entering Stiel's residence was neither larcenous nor felonious inasmuch as he did not have the present intent to permanently deprive Stiel of his property and intended to restore it to him. He admitted that he took off the screen and entered Stiel's residence through the window when no one was home. Apparently the jury accepted defendant's version of the taking, but there still remained defendant's unauthorized entry which he admitted and was not excused.

Under the circumstances we conclude that defendant was properly convicted of unauthorized entry in violation of section 602.5, Penal Code inasmuch as his opportunity to prepare and defend against such a charge was in no manner impaired by the fact that the offense was not charged in the information. Also we conclude that, in this instance, the omission of said offense from the information did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13; *People* v. *Cole* (1979) 94 Cal.App.3d 854, 864 [155 Cal.Rptr. 892].)

The judgment is affirmed.

Hanson, J., and Epstein, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.