Filed 10/22/15  P. v. Zelczak CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW J. ZELCZAK,<br><br>    Defendant and Appellant. | A143168<br><br>(Contra Costa County<br> Super. Ct. No. 51406693) |

After a jury trial defendant Matthew J. Zelczak was found guilty of second-degree robbery (Pen. Code, [1] §§ 211; 212.5, subd. (c)) (count one), second-degree commercial burglary (§§ 459; 460, subd. (b)) (count two), and petty theft as a felony offense (§§ 484, 666) (count three).  After a separate proceeding, the court found defendant had sustained four prior theft convictions, but struck the prior convictions for the purposes of sentence. The court sentenced defendant to an upper term of five years on count one, and the court imposed but stayed sentences on the remaining counts pursuant to section 654.

On appeal, defendant challenges only his robbery conviction, arguing prejudicial instructional error.  We conclude there is no merit to defendant's argument.  Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

At a jury trial held in August 2014, the following relevant evidence was elicited.

---

[1]     All further unspecified statutory references are to the Penal Code.

1

On February 2, 2014, defendant entered a Macy's department store, went to the sportswear department, selected two jackets, wrapped in tin or aluminum foil the electronic security tags attached to the jackets, and placed the jackets in his backpack. Loss prevention officers Matthew Preble and Jourden Fernandez, were monitoring defendant's presence on both the floor and through the store surveillance video system. After defendant left the store through an exit on the second floor, Preble ran after him and confronted him, saying, "Loss prevention. I need you to come back into the store." Defendant ran toward a staircase leading to the street level, and Preble chased after him. At the top of the staircase, Preble grabbed defendant, causing both men to fall to a landing area. The men continued to wrestle. Defendant did not punch or kick Preble. But, defendant continually pushed and struggled, and said about four times that he was going to "spray" Preble. Preble thought defendant was going to attack him with pepper spray or mace, albeit no spray was later removed from defendant's person. Preble was ultimately able to subdue defendant, and with the assistance of Fernandez, the officers placed defendant in handcuffs. Defendant was brought back inside Macy's with the backpack of clothes. During questioning by the loss prevention officers, defendant said he had come to the store to take some jackets so that he could sell them for money.

## DISCUSSION

Defendant argues reversal of his robbery conviction is compelled based on the trial court's instruction to the jury on the concept of flight. We disagree.

Before submitting the matter to the jury, the trial court held an off-the-record conference and on the record granted the prosecutor's request to instruct on the concept of flight using the language in CALCRIM No. 372. Without any objection by defendant, or request for modification, the trial court gave the requested instruction in the following manner: "If the defendant fled [or tried to flee] (immediately after the crime was committed/[or] after (he/she) was accused of committing the crime), that conduct may show that (he/she) was aware of (his/her) guilt. If you conclude that the defendant fled [or tried to flee], it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled [or tried to flee] cannot prove guilt by itself."

2

On appeal defendant argues that the trial court erred by allowing the jurors "to determine to which offenses, if any," the flight instruction was applicable. (*People v. Mendoza* (2000) 24 Cal.4th 130, 180.) According to defendant, the flight instruction was relevant only to the burglary and theft offenses, and therefore, the jury should have been advised that the instruction did not apply to the robbery offense. However, defendant "was required to request [a] . . . clarifying instruction if he believed that the instruction . . . needed elaboration." (*People v. Maury* (2003) 30 Cal.4th 342, 426.) Because defendant "did not request such amplification or explanation, error cannot now be predicated upon the trial court's failure to give" such a clarification "on its own motion." (*People v. Anderson* (1966) 64 Cal.2d 633, 639.)

Even if defendant's failure to object in the trial court did not forfeit his claim of instructional error, we see no basis for reversal. Defendant argues the flight instruction "served only to confuse and mislead the jury" as the only evidence of flight occurred *before* he allegedly committed the robbery offense and therefore the instruction was inapplicable and not responsive to the evidence. However, the flight instruction made clear that before the jury could consider evidence of flight, it had to find that defendant had either committed a robbery or been accused of committing a robbery. Consequently, the jurors would have necessarily understood that any evidence of flight *before* defendant's commission of a robbery was irrelevant to its consideration of that offense. The very fact which makes the flight instruction allegedly erroneous – it did not apply to the robbery offense – " 'suggests that the [jurors] ignored' " this instruction relative to that offense as " 'the court told them to disregard any instruction not justified by the facts. . . .' (*Wilkinson v. Southern Pacific Co.* [(1964)] 224 Cal.App.2d 478, 489-490 [36 Cal. Rptr. 689]; see *People v. Hairgrove* [(1971)] 18 Cal.App.3d 606, 608-609 [96 Cal. Rptr. 142].)" (*Solgaard v. Guy F. Atkinson Co.* (1971) 6 Cal.3d 361, 371; see CALCRIM No. 200[2].) Defendant's reliance on isolated portions of the prosecutor's closing argument

---

[2] Using language in CALCRIM No. 200, the trial court advised the jury, in pertinent part, that "[s]ome of these instructions may not apply, depending on your findings about the facts of the case. Do not assume just because I give you a particular instruction that I

is misplaced.  The jurors were explicitly advised that they were to follow the law as explained by the court, and if counsel made comments that conflicted with the instructions, then the jurors were required to follow the instructions.  (CALCRIM No. 200.)  In the absence of any evidence to the contrary, we presume the jurors treated "the prosecutor's comments as words spoken by an advocate in an attempt to persuade," and otherwise followed the court's instructions regarding consideration of any flight evidence relative to the robbery offense.  (*People v. Sanchez* (1995) 12 Cal.4th 1, 70, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

We therefore conclude that defendant has failed to demonstrate prejudicial instructional error requiring reversal under any standard of review.  (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.
*People v. Matthew J. Zelczak*, A143168

---

am suggesting anything about the facts.  After you have decided what the facts are, follow the instructions that do apply to the facts as you find them."  While the quoted language in CALCRIM No. 200 "does not render an otherwise improper instruction proper, it may be considered in assessing the prejudicial effect of an improper instruction."  (*People v. Saddler* (1979) 24 Cal.3d 671, 684 [discussing language in CALJIC No. 17.31 that corresponds to language in CALCRIM No. 200].)